UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMA RONAE WILLIAMS,

      Plaintiff,

v.                                         CASE NO. 3:16-cv-1060-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits. Plaintiff alleges her disability began on June 8, 2012. (Tr. 16, 41.) The assigned Administrative Law Judge ("ALJ") held hearings on November 20, 2014, at which Plaintiff was represented by an attorney, and October 1, 2015, at which Plaintiff was not represented by an attorney. (Tr. 35-60, 804-38.)

A decision, based on the first hearing, was issued on January 9, 2015, finding Plaintiff not disabled from June 8, 2012 through the date of the decision. (Tr. 84-91.) The ALJ's January 9, 2015 decision was reversed and remanded by the Appeals Council on June 5, 2015. (Tr. 97-99.) On remand, the Appeals Council ordered the ALJ to "[i]f necessary, give further consideration to whether

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 15.)

claimant is capable of performing any of her past relevant work." (Tr. 98.) The ALJ was also directed to ask the vocational expert ("VE") to "identify examples of appropriate jobs and to state the incidence of such jobs in the national economy." (Tr. 98.) Further, the ALJ was ordered to "identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT)" before relying on the VE's evidence. (Tr. 98.) The ALJ rendered another decision on January 4, 2016, again finding that Plaintiff was not disabled from June 8, 2012 through the date of the decision. (Tr. 16-26.)

In reaching the decision, the ALJ found that Plaintiff had "the following severe impairments: degenerative disc disease of the cervical and lumbar spine." (Tr. 19.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work "except that the claimant requires the option to change positions between sitting and standing every 30 minutes," as well as some other limitations. (Tr. 19.)

The ALJ determined that "in comparing the claimant's [RFC] with the physical and mental demands of the work as an elementary school teacher . . . the claimant is able to perform this work as described in the DOT, per the vocational expert's testimony." (Tr. 26.)

Plaintiff is appealing the Commissioner's decision that she was not disabled since June 8, 2012. Plaintiff has exhausted her available administrative

remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED**.

> I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1995); *Barnes v. Sullivan*, 932 F.2d 1356, 1458 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

3

## II. Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that the ALJ erred in finding that Plaintiff could perform her past relevant work ("PRW") as an elementary school teacher because it was contrary to both the VE's testimony (that the occupation requires a college degree and a teaching certification) and to her testimony (that she has neither). Plaintiff claims the ALJ failed to reconcile the inconsistency in the decision. (Doc. 20 at 1.) Plaintiff also argues that the ALJ failed to give good cause for discrediting the treating opinions of Drs. Connor and Keller. (Doc. 20 at 1.) Plaintiff finally argues that the Appeals Council failed to remand Plaintiff's case based on the receipt of new and material evidence, including a letter from Dr. Connor and an affidavit from Plaintiff averring that she does not have a college degree or teaching certification. (Doc. 20 at 1.)

The Court agrees with Plaintiff that the ALJ erred in finding that Plaintiff could perform her PRW as an elementary school teacher and, therefore, does not reach her second and third arguments on appeal. For an ALJ to determine that a claimant can perform his or her PRW, the ALJ must consider the claimant's RFC and whether that allows him or her to perform their PRW "either as the claimant actually performed it *or as generally performed in the national economy*." 20 C.F.R. § 404.1560(a)-(b) (emphasis added). If the ALJ finds that a claimant cannot perform his or her PRW as actually performed, "he will consider whether the claimant can perform the functional demands and duties of the occupation as

4

generally required by employers throughout the national economy." *Scharber v. Comm'r of Soc. Sec.*, 411 F. App'x 281, 282 (11th Cir. 2011).

It appears from a review of the record that the ALJ determined that Plaintiff could not perform her PRW of elementary school teacher as actually performed because he determined that Plaintiff had the RFC to perform light work with limitations (Tr. 19), and later determined that she actually performed the work at a "medium exertional level" (Tr. 25). The ALJ then determined that Plaintiff had the RFC to meet the physical and mental demands of an elementary school teacher as generally performed in the national economy, as described in the Dictionary of Occupational Titles ("DOT") #092.227-010.[2] (Tr. 25-26.) The ALJ based his decision on the VE's testimony that the job of elementary school teacher is a light exertion, skilled job within the national economy. (Tr. 25, 56.)

---

[2] The DOT states that the job of elementary school teacher, as performed in the national economy, requires the ability to do the following:

> Prepares course objectives and outline for course of study following curriculum guidelines or requirements of state and school. Lectures, demonstrates, and uses audiovisual teaching aids to present subject matter to class. Prepares, administers, and corrects tests, and records results. Assigns lessons, corrects papers, and hears oral presentations. Teaches rules of conduct. Maintains order in classroom and on playground. Counsels pupils when adjustment and academic problems arise. Discusses pupils' academic and behavioral attitudes and achievements with parents. Keeps attendance and grade records as required by school. May coordinate class field trips. May teach combined grade classes. May specialize by subject taught, such as math, science, or social studies. *May be required to hold state certification.*

DOT #092.227-010 (emphasis added).

However, the VE also testified on cross-examination by Plaintiff that a teaching certification is a prerequisite to working as a teacher in Florida.[3] (Tr. 56.) Plaintiff averred that she did not have a bachelor's degree or her teaching certification and was only able to previously work as a teacher because she was "grandfathered in" at the specific private Christian school at which she worked. (Tr. 56-57.) The ALJ then asked the VE whether she would be certified to teach based upon her testimony and the VE responded that he would have to see her transcripts and verify her certification, but reiterated that she would not be able to work as a teacher without those prerequisites.

Whether or not the claimant is represented at the hearing, the ALJ has a duty to develop a full and fair record. *See Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)  In certain cases, a determination that a claimant can perform his or her PRW requires "a careful appraisal of . . . supplementary or corroborative information from other sources such as employers, the [DOT], etc., on the requirements of the work as generally performed in the national economy." Social Security Ruling (SSR) 82-62, 1982 WL 31386, 3 (S.S.A. 1982). Sufficient documentation should be obtained to support the decision, including "[d]etailed information about strength, endurance, manipulative ability, mental demands and *other job requirements*," and a failure to obtain such information results in a failure to fully develop the record. *Id.* (emphasis added); *see also Pinto v.*

---

[3] Plaintiff was not represented by counsel at the hearing.

*Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (holding that "in order for an ALJ to rely on a job description in the DOT that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation."); *see also Miller v. Halter*, 11 F. App'x 872, 874 (9th Cir. 2001) (reversing the ALJ's decision that the claimant could perform her PRW as a registered nurse without a CPR certification because "[t]he ALJ had a duty to flesh out the CPR certification issue and easily could have done so on the record."); *see also Johnson v. Comm'r of* Soc. Sec., 2013 WL 461278, 6 (M.D. Fla. 2013) (holding that the ALJ failed to meet the requirement of fully developing and explaining his step-four finding); *Thompson v. Astrue*, 2010 WL 3878700, 7 (M.D. Ala. 2010) (stating that the ALJ cannot "pick and choose between the records selecting those portions which support his ultimate conclusion.")

    The ALJ failed to address the inconsistency between the VE's discussion of the DOT and Plaintiff's testimony.[4] The ALJ failed to acknowledge the teaching certification issue in his decision despite the VE stating that it was required in Florida, despite Plaintiff averring that she lacked such certification, and despite the VE responding that she could not work as a teacher without the prerequisite. Because the ALJ had the duty to fully and fairly develop the record, and to explain any deviation from the DOT (as explained by the VE) in his

---

[4] The Appeals Council in its prior remand ordered the ALJ to address any conflicts between VE testimony and the DOT.

decision, his failure to do so (by failing to address the inconsistency contained within the record) constitutes error. Moreover, the error was prejudicial to Plaintiff, as she was found incapable of performing her PRW as actually performed, and the ALJ did not provide alternative findings as to other jobs that she could perform in the national economy. *See Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (holding that a showing of prejudice requires at least "a showing that . . . the ALJ did not consider all of the evidence in the record in reaching his decision"); *see also Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (finding that "there must be a showing of prejudice to trigger a remand to the [ALJ] for reconsideration").

In light of this conclusion, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008). However, on remand, the ALJ should also re-evaluate the opinions of Drs. Connor and Keller.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the Commissioner to: (a) reassess Plaintiff's past relevant work and her ability to return to it, (b) re-evaluate the medical opinions of Drs. Connor and Keller, explain the weight given to these opinions and the reasons therefor, (c) reassess

Plaintiff's RFC, if necessary, and (d) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 5, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record